**FILED**
**CLERK**

1/26/2016 3:32 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

TERRELL ALEXANDER BRADY, #14005065,

                            Plaintiff,

              -against-

SHERIFF MICHAEL SPOSATO,

                         Defendant.
--------------------------------------------------------------X

**ORDER**
15-CV-6842 (JMA) (ARL)

**AZRACK, District Judge:**

       On November 19, 2015, *pro se* plaintiff Terrell Brady ("plaintiff") commenced this action against Sheriff Michael Sposato ("Sheriff Spossato" or "defendant") pursuant to, *inter alia*, 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation of his constitutional rights. Accompanying the complaint is an application to proceed *in forma pauperis*. The court grants plaintiff's request to proceed *in forma pauperis* and *sua sponte* dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) for the reasons that follow.

## I.    BACKGROUND[1]

       Plaintiff's brief, handwritten complaint is submitted on the Court's Section 1983 complaint form. In its entirety, plaintiff alleges[2]:

> On or about July 10th, 2014 I was placed under arrest by Hempstead Police Department County of Nassau, New York for possession of a controlled substance in the second and third degree. I was arraigned for said charges on or about July 11th, 2014 and shortly thereafter I was sent to Nassau County Correctional Center where I have been since July 11, 2014 against my own will which is a violation of my U.S. Constitution Amendment 13 section 1 right. Sheriff Michael Sposato is

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

[2] Excerpts from the complaint a reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

currently violating Title 18 U.S.C. Section 1581 as well as Title 42 U.S.C. Section 1994.

(Compl. ¶ IV.)   Plaintiff has left the space on the complaint form that calls for a description of any injuries suffered blank.   (Id. ¶ IV.A.)   For relief, plaintiff seeks to recover a monetary award of $2 million.   (Id. at ¶ V.)

## II.    DISCUSSION

### A.    *In Forma Pauperis* **Application**

Upon review of plaintiff's declaration in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee.   28 U.S.C. § 1915(a)(1).   Therefore, plaintiff's application to proceed *in forma pauperis* is granted.

### B.    **Standard of Review**

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).   Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).   The Court must dismiss the action as soon as it makes such a determination.   28 U.S.C. § 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers."   Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997).    In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as

raising the strongest arguments it suggests.   United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."   Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").   However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face."   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).   The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."   Id. at 678.   While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"   Id. at 678 (quoting Twombly, 550 U.S. at 555).

C.    **Section 1983**

Section 1983 provides that:

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.   Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."   Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).   In order to state a Section 1983 claim, a plaintiff must

3

allege two essential elements.   First, the conduct challenged must have been "committed by a person acting under color of state law."   Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)).   Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States."   Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

Moreover, in an action brought pursuant to Section 1983, a plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation.   Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)). "Personal involvement" may be established by evidence of a supervisor's direct participation in the challenged conduct or "by evidence of an official's (1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates."   Hayut v. State Univ. of New York, 352 F.3d 733, 753 (2d Cir. 2003).   An "individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority.'"   Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)). Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law.   See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

### 1.    Claims Against Sheriff Sposato

As discussed above, a Section 1983 claim that does not allege the personal involvement of a defendant fails as a matter of law.   Johnson, 360 F. App'x at 201.   Although plaintiff names Sheriff Sposato as the sole defendant, the complaint contains no factual allegations against him

and, accordingly, plaintiff has not alleged a viable Section 1983 claim.[3]   Given the absence of any factual allegations of conduct or inaction attributable to Sheriff Sposato, plaintiff's Section 1983 claim against him is implausible and is therefore dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) (ii), 1915A(b)(1).

In addition, to the extent that plaintiff seeks relief against Sheriff Sposato pursuant to 42 U.S.C. § 1994 and 18 U.S.C. § 1581, such claims are also implausible.   "Section 1994 abolishes the practice of peonage."   Dolla v. Unicast Co., 930 F. Supp. 202, 204 (E.D. Pa. 1996). "Peonage is a form of involuntary servitude, and is characterized by the involuntary performance of labor based upon indebtedness.   Thus, the critical elements of a peonage claim are indebtedness and compulsion.   Id. (internal citations omitted.   See also Turner v. Unification Church, 473 F. Supp. 367, 375 (D.R.I. 1978) (Peonage is "compulsory service based upon the indebtedness of the peon to the master."), aff'd, 602 F.2d 458 (1st Cir. 1979); Pierce v. United States, 146 F.2d 84, 86 (5th Cir. 1944) (concluding that claim of peonage satisfied where victim alleges and proves that he is held against his will and made to work to pay a debt).   Here, as is readily apparent, plaintiff's allegations fail to suggest that Sheriff Sposato held him in a state of peonage.   Wholly absent are any allegations suggesting that plaintiff owed a debt to Sheriff Sposato or that plaintiff was held against his will to satisfy a debt.   Thus, plaintiff has not alleged a plausible claim for relief pursuant to 42 U.S.C. § 1994 and such claim is thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

Plaintiff fares no better on his claim brought pursuant to 18 U.S.C. § 1581.   Section 1581 is a criminal statute with no express private right of action.   "Prior to 2008, federal courts were generally divided on the issue of whether an implied civil cause of action existed under Section[] 1581 []."   Samirah v. Sabhnani, 772 F. Supp. 2d 437, 447–48 (E.D.N.Y. 2011) (collecting cases).

---

[3]  Plaintiff's conclusory allegation that Sheriff Sposato is "violating Title 18 U.S.C. Section 1581 as well as Title 42 U.S.C. Section 1994" (Compl. ¶ IV) is insufficient to support a plausible claim for relief .

However, the 2008 amendment to the Trafficking Victims Protection Act, 18 U.S.C. § 1589 ("TVPA"), provides an express civil remedy for Section 1581.   In order to find civil liability for forced labor under 18 U.S.C. § 1589 plaintiff must show:

> (1) the defendant obtained the labor or services of another person; (2) the defendant did so through one of the following prohibited means (a) through serious harm or threats of serious harm to . . . that person or any other person; or (b) through a scheme, plan or pattern intended to cause the person to believe that non-performance would result in serious harm to . . . that person or any other person; or (c) through the abuse or threatened abuse of the law or the legal process; and (3) the defendant acted knowingly.

Shukla v. Sharma, 07-CV-2972, 2012 WL 481796, *2 (E.D.N.Y. Feb. 14, 2012) (citing United States v. Sabhnani, 539 F. Supp. 2d 617, 629 (E.D.N.Y. 2008)).   Wholly absent from the complaint are any facts from which the court could reasonably construe a plausible forced labor claim.   Thus, plaintiff's Section 1581 claim, even when liberally construed as arising under the TVPS, is implausible and is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

## D.    Leave to Amend

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."   Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)).   Indeed, a *pro se* plaintiff who brings a civil rights action, "should be 'fairly freely'' afforded an opportunity to amend his complaint."   Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted).   Yet while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

Here, the Court has carefully considered whether plaintiff should be granted leave to

amend his complaint.   Plaintiff is cautioned, however, that "'[f]ederal courts have held that the Thirteenth Amendment does not give rise to an independent cause of action against private parties; plaintiffs must instead base such claims on one of the statutes implementing the Thirteenth Amendment, such as § 1994.'"   Walia v. Veritas Healthcare Solutions, L.L.C., 13 Civ. 6935, 2015 WL 4743542, *2 n. 6 (S.D.N.Y. Aug. 11, 2015) (quoting Del Elmer v. Metzger, 967 F. Supp. 398 (S.D. Ca. 1997)) (collecting cases).   Plaintiff is afforded an opportunity to amend his complaint in accordance with this Order.   Plaintiff's amended complaint must be labeled as an "amended complaint", bear the same docket number as this Order, 15-CV-6842(JMA)(ARL), and shall be filed within thirty (30) days from the date of this Order.   Plaintiff is advised that an amended complaint completely replaces the original, so plaintiff must include any allegations he wishes to pursue in the amended complaint.   Further, if plaintiff does not file an amended complaint within the time allowed, judgment shall enter and this case shall be closed.

### III.   CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed *in forma pauperis* is granted, but the complaint is *sua sponte* dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(ii), 1915A(b)(1) and with leave to file an amended complaint.   **Plaintiff's amended complaint must be labeled as an "amended complaint," bear the same docket number as this Order, 15-CV-6842(JMA)(ARL), and shall be filed within thirty (30) days from the date of this Order.**   The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.   See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**                                          /s/ JMA_____
                                                          Joan M. Azrack
Dated:   January 26, 2015                                 United States District Judge
         Central Islip, New York